**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Tel: (310) 322-2220
Fax: (310) 322-2228

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA HILL, as individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIVING SPACES FURNITURE, LLC, a Delaware Limited Liability Company, and DOES 1 through 10,<br><br>Defendants | Case No: **'15CV1245 CAB KSC**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT:**<br><br>**(1) FAIR LABOR STANDARDS ACT, (29 U.S.C. § 201** *et seq.***);**<br><br>**(2) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);**<br><br>**(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558)**<br><br>**(4) WAGE STATEMENT PENALTIES (LABOR CODE § 226** *et seq.***);**<br><br>**(5) WAITING TIME PENALTIES (LABOR CODE §§ 201 – 203);**<br><br>**(6) UNFAIR COMPETITION (BUS & PROF CODE § 17200** *et seq.***);**<br><br>**DEMAND FOR JURY TRIAL<br>UNLIMITED CIVIL CASE** |

Plaintiff Samantha Hill ("Plaintiff") on behalf of herself and all others similarly situated, hereby brings this Class and Collective Action Complaint against Defendant Living Spaces Furniture, LLC, a Delaware Limited Liability Company, and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of herself and all others similarly situated, hereby brings this class and collective action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq*. (Unfair Competition), California Labor Code §§ 201-204, 226 *et seq.*, 226.7, 510, 512, 558, 1194, 1198, and Industrial Welfare Commission Wage Order ("IWC Wage Order") No. 7-2001, in addition to seeking injunctive relief, declaratory relief, and restitution.

2. This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. This Court has jurisdiction over Defendants' violations of the California Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code, and IWC Wage Order No. 7, because these claims derive from the same common nucleus of operative facts as Plaintiff's claims alleged under the FLSA.

## VENUE

3. Venue is proper under 28 U.S.C. 1391 because Defendants do business in San Diego County and the acts alleged herein took place in San Diego County. Further, Plaintiff does now, and at all times relevant herein did, reside in San Diego County and was employed by Defendants within San Diego County. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28

U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiff within the Southern District of California.

## PARTIES

4.   Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is a California resident, residing in the County of San Diego. During the four years immediately preceding the filing of the Complaint in this action, and within the statute of limitations periods applicable to each claim pled therein, Plaintiff was employed by Defendants as an hourly non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained, lost money and/or property, and has been deprived of the rights guaranteed to her by the FLSA, California Labor Code §§ 201-204, 226 *et seq.*, 226.7, 510, 512, 558, 1194, 1198, California Business and Professions Code § 17200 *et seq.*, and IWC Wage Order No. 7, which sets employment standards for the mercantile industry, including retail stores.

5.   Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by owning and operating retail furniture stores in San Diego County, California, and employed Plaintiff and other, similarly-situated hourly non-exempt employees within San Diego County and, therefore, were (and are) doing business in San Diego County and the State of California. Plaintiff is further informed and believes that Defendant also maintains furniture stores throughout the United States that employ individuals who are similarly-situated to Plaintiff for purposes of her claims under the FLSA, including locations in Phoenix, Arizona; Scottsdale, Arizona; and eleven total locations throughout southern California.

6.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant Living Spaces Furniture, LLC is a Delaware Limited

3
Class and Collective Action Complaint

Liability Company licensed to do business in California and the County of San Diego, and is or was the employer of Plaintiff and the Classes (as defined in Paragraph 17).

8. Each defendant acted as an agent, servant, employee, or alter ego for each of the other defendants and in doing so, each defendant acted within the course, scope and under its authority as an agent, servant, employee, or alter ego of every other defendant. Each defendant ratified, permitted, consented to, or otherwise authorized and adopted the alleged acts and/or omissions of, and any statements made by, the other defendants.

9. Each defendant is in some manner legally responsible for the acts and liabilities alleged herein, and any harm or damages sustained by Plaintiff was and continues to be the direct, proximate, and foreseeable result of the acts and/or omissions of defendants, and each of them.

10. Plaintiff does not know the true names, capacities, relationships and/or the extent of participation of Defendants DOES 1 through 10, inclusive, in the conduct alleged in the Complaint. For that reason, Defendants DOES 1 through 10, inclusive, are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named defendant is and was responsible in some way for the alleged wage and hour violations and other wrongful conduct which subjected Plaintiff and the classes, as defined below, to the illegal employment practices, wrongs and injuries complained of herein.

## GENERAL FACTUAL ALLEGATIONS

11. From approximately July 1, 2014 until approximately May 9, 2015, Plaintiff was employed by Defendants as a non-exempt employee at their Mission Valley store, located in San Diego, California, in the County of San Diego.

12. During Plaintiff's employment with Defendants, Plaintiff routinely worked more than eight hours per work day and/or more than forty hours per work week but did not receive overtime compensation equal to one and a half times her regular rate of pay for working overtime hours. Specifically, Plaintiff, a "Product Specialist," received monthly "Sales Incentive Program" bonuses, "Awards," and/or other forms of pay that are not excludable under California Law and the FLSA when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

13. Despite Defendants' payment of Incentive Pay to Plaintiff, Defendants failed to include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of her required overtime wages. Rather, Plaintiff was only paid one and a half times her base rate, which was not equal to one and a half times the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

14. In addition, meal period premium payments, including a "Lunch Penalty" paid by Defendants, were paid at Plaintiff's base rate of pay and not her regular rate of pay, thereby causing Plaintiff to be further deprived of wages required to be paid under California law.

15. As a result of Defendants' failure to pay all overtime wages and meal period premiums at the correct regular rate, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff. Plaintiff's itemized wage statements are also facially deficient, failing to comply with Labor Code 226(a)(8), as they fail to include the name and address of the legal entity that is the employer.

16. As a result of the foregoing violations, Defendants failed to pay Plaintiff all earned wages at the time of her termination of employment.

## CLASS AND COLLECTIVE ALLEGATIONS

17. Class Definitions: Plaintiff brings this action on behalf of herself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

(a) <u>The FLSA Overtime Class</u> consists of all Defendants' current and former hourly non-exempt employees in the United States who received Incentive Pay and earned weekly overtime compensation during a corresponding time period, during the three years immediately preceding the filing of the Complaint through the present.

(b) <u>The California Overtime Class</u> consists of all Defendants' current and former hourly non-exempt employees in California who received Incentive Pay and earned overtime compensation during a corresponding time period, during the four years immediately preceding the filing of the Complaint through the present.

(c) <u>The Meal Period Class</u> consists of all Defendants' current and former hourly non-exempt employees in California who received Incentive Pay and a "Lunch Penalty" during a corresponding time period, during the four years immediately preceding the filing of the Complaint through the present.

(d) <u>The Wage Statement Class</u> consists of: (1) all Defendants' current and former employees who received a wage statement that did not contain the name and/or address of the legal entity that is their employer; and/or (2) all members of the California Overtime Class and/or Meal Period Class, who worked in California during the one year immediately preceding the filing of the Complaint through the present.

(e) <u>The Waiting Time Penalty Class</u> consists of Defendants' formerly employed members of the California Overtime Class and/or Meal Period

Class who separated their employment from Defendants during the three years immediately preceding the filing of the Complaint through the present.

18. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than five hundred (500) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

19. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to: (i.) Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the FLSA Overtime and California Overtime Classes; (ii.) Whether Defendants violated the applicable Labor Code provisions including, but not limited to, §§510 and 1194, by requiring overtime work and not paying for said work according to the overtime laws of the State of California; (iii.) Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the FLSA Overtime and California Overtime Classes violated the FLSA and/or California law, respectively; (iv.) Whether Defendants' meal period premium payments were made at the correct rate of pay; (v.) Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226; and (vi.) Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful.

20. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, including but not limited to their uniform method of calculating overtime payments for the members of the FLSA Overtime and California Overtime Classes. As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

21. **Typicality:** The claims of Plaintiff is typical of the claims of the Classes because Plaintiff was employed by Defendants as an hourly non-exempt employees in California and the United States during the statutes of limitation applicable to each claim pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime wages and was not paid all wages owed at the time of termination.

22. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

23. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor

standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

    24.    As such, the Rule 23 Classes identified in Paragraph 17 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

# FIRST CLAIM
## FLSA VIOLATIONS
### (29 U.S.C. § 201 *et seq.*)
### (AGAINST ALL Defendants)

25. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

26. This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of forty per workweek.

27. Plaintiff and members of the FLSA Overtime Class worked in excess of forty hours per workweek, earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the FLSA Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

29. Defendants' policy and practice of requiring overtime work but not paying at the proper overtime rate for said work violates the FLSA's requirements including, but not limited to, 29 U.S.C. § 207.

30. Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

10
Class and Collective Action Complaint

31.  Defendants' aforementioned violations create an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of wages and overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

## SECOND CLAIM
## FAILURE TO PAY ALL OVERTIME WAGES
## (LABOR CODE §§ 204, 510, 558, 1194, 1198)
## (AGAINST ALL Defendants)

32.  Plaintiff re-alleges and incorporates by reference all previous paragraphs.

33.  This claim is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

34.  Plaintiff and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate.  At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and IWC Wage Order No. 7-2001.  Wage Order 7-2001, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per work day and/or in excess of forty hours of work in the workweek.  Wage Order 7-2001, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of

twelve hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the California Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

36. Defendants' policy and practice of requiring overtime work and failing to compensate such hours at the correct overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198, and IWC Wage Order No. 7.

37. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194, 1198, and Code of Civil Procedure § 1021.5.

/ / /
/ / /
/ / /
/ / /

# THIRD CLAIM
## MEAL PERIOD VIOLATIONS
### (LABOR CODE §§ 226.7, 512, AND 558)
### (AGAINST ALL Defendants)

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. Plaintiff is informed and believes that Defendants maintain a policy or practice of paying meal period premiums to Plaintiff and other hourly non-exempt employees that are not provided with a legally compliant meal period. However, due to Defendants' miscalculation of the regular rate of pay, such meal period premium payments are not paid to Plaintiff and other hourly non-exempt employees at their correct regular rates of pay as required by California Labor Code § 226.7.

40. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Meal Period Class in a civil action for the unpaid amount of meal period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 210, 226.7, 512, 516, 558, and Civil Code §§ 3287(b) and 3289.

# FOURTH CLAIM
## WAGE STATEMENT PENALTIES
### (LABOR CODE § 226 *et seq.*)
### (AGAINST ALL Defendants)

41. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and

practice, failed to furnish Plaintiff and the Wage Statement Class Members with accurate and complete itemized wage statements that included, among other requirements, the name and address of the legal entity that is the employer, total gross wages earned, and total net wages earned, in violation of Labor Code § 226.

43. Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime wages, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

44. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

## **FIFTH CLAIM**
## **WAITING TIME PENALTIES**
## **(AGAINST ALL Defendants)**

45. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

46. This claim is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit. In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

47.     Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all of their final wages at the time of termination which includes, among other things, meal period premiums and overtime wages.  Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was and is willful within the meaning of Labor Code § 203.

48.     Defendants' wilful failure to timely pay Plaintiff and members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SIXTH CLAIM
## UNFAIR COMPETITION
## (BUS & PROF CODE § 17200 *et seq.*)
## (AGAINST ALL Defendants)

49.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

50.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay Plaintiff and members of the California Overtime Class all overtime wages owed due to the miscalculation of the regular rate of pay, failing to pay Plaintiff and members of the Meal Period Class all meal period premiums owed due to the miscalculation of the regular rate of pay, knowingly failing to furnish and provide accurate and complete itemized

wage statements to members of the Wage Statement Class in violation of Labor Code section 226, and wilfully failing to timely pay Plaintiff and members of the Waiting Time Class all final wages upon termination of employment.

51. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

52. Because Plaintiff was and is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

53. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

54. Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, and to obtain restitution, on behalf of Plaintiff and Defendants' other current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

/ / /
/ / /
/ / /
/ / /

# **PRAYER**

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216;

5. Upon the Second Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

6. Upon the Third Claim, for compensatory, consequential, liquidated, general and special damages pursuant to Labor Code §§ 226.7, 512, 516, and 558;

7. Upon the Fourth Claim, for statutory penalties pursuant to Labor Code § 226;

8. Upon the Fifth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

9. Upon the Sixth Claim, for injunctive relief and restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

10. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

11. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, and Code of Civil Procedure § 1021.5.

12. For such other and further relief the Court may deem just and proper.

Dated: June 2, 2015

Respectfully submitted,
BOREN, OSHER & LUFTMAN LLP

By: _/s/Paul K. Haines_____
Paul K. Haines
Attorney for Plaintiff and the Classes

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: June 2, 2015

Respectfully submitted,
BOREN, OSHER & LUFTMAN LLP

By: _/s/Paul K. Haines_____
Paul K. Haines
Attorney for Plaintiff and the Classes